470 P.2d 491

Doris HILL, Widow of Hubert Hill, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

I. G. Homes and W. R. Homes (Homes & Son Construction Company), Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 287.

Court of Appeals of Arizona, Division 1, Department A.

June 11, 1970.

Gorey & Ely, by Stephen S. Gorey, and Sherman R. Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Harlan J. Crossman and Arthur B. Parsons, Phoenix, for respondent carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

This is a writ of certiorari to review the lawfulness of an award of The Industrial Commission of Arizona denying widow's claim for death benefits. The question presented to the Court is whether the award is reasonably supported by the evidence.

Hubert Hill suffered an industrial injury to his left shoulder on March 14, 1956. This was accepted as an industrial responsibility, and the case was closed on October 16, 1961. In February 1964 Hill filed a petition for reopening. The claim was reopened and Hill received additional medical examination and treatment, including a left cervical sympathectomy. Immediately following this operation Hill suffered cardiac problems which were diagnosed as mediastinal emphysema, left pneumothorax partial. Two electrocardiograms were done at this time, and were read as having no significant findings. The Commission issued an award which released Hill as able to work as of April 30, 1965.

On June 30, 1965 Hill was hospitalized with a myocardial infarction. The Commission issued a findings and award on August 4, 1965, determining that there was no relationship between the heart condition and the industrial episode of March 14, 1956. The claimant was seen by the Cardiovascular Advisory Board which gave the opinion that there was no causal relationship between the accident, the surgery, and the infarction suffered by Hill.

Hill died on November 3, 1965.

A second Cardiovascular Board reviewed the file on May 19, 1967 and stated: "It is further the opinion of the Board that the surgery of 7–29–64 and the post-operative complications are in no way related to the patient's death on 11–3–65."

The widow filed a claim for death benefits, which was denied finally on March 28, 1969 in the award from which this writ is taken.

A hearing was held at which two medical doctors testified. Neither of these doctors had examined Hill, and both were testifying from their review of the Industrial Commission file. Dr. Daniel J. Potter testified that in his opinion the surgery which was necessary as the result of the industrial accident acted upon the preexisting heart disease and hastened the death of the decedent. Dr. Allen I. Cohn expressed an opinion which was exactly the opposite of that expressed by Dr. Potter. Dr. Cohn, testifying for the Cardiovascular Board restated the Board's opinion that there was no causal relationship between

the accident, the surgery, and the myocardial infarction, and testified at length concerning causal relationship, explaining the Board's conclusion.

 The record indicates that there was a conflict in the medical testimony, and in such cases it is the duty of the Commission to resolve the conflict, which it has done here against the widow.

It is the opinion of the Court that the evidence reasonably supports the award of the Commission.

The award is affirmed.

STEVENS and CAMERON, JJ., concur.